May it please the court, Rosan Gulo from the Office of the Federal Public Defender on behalf of Esli Alvarez. On August 15, 2006, Mr. Alvarez filed both a California State Habeas Petition and a Federal Protective Petition as contemplated by Pace v. DiGiulielmo. The magistrate judge's order denying the stay and obey and ordering Mr. Alvarez to strike his unexhausted claims was erroneous on the merits and the orders to strike in particular were a violation of the Federal Magistrate's Act. Can I ask you a question about the status of the unexhausted claims, at least the originally unexhausted claims? The original petition had ten counts. Yes. And through the various machinations of this case, the district court or the magistrate judge suggested that eight of them were unexhausted. Have they been exhausted? They have not been. Two of them, I believe, have been exhausted. There's two all along that have been treated as unexhausted. Well, the two that were exhausted are still exhausted, and in addition to that, the IAC of Appellate Claim Council was exhausted eventually. As to whatever number that are currently unexhausted, we are three years, four years, five years? Yes. After the filing of the habeas? If they're still not exhausted, don't you have a problem? Well, Your Honor. With that regard to how we got there, I understand the procedural problems. Right. California, I mean, there's a potential of running into procedural bars at the same time the California timeline standard is flexible, which, again, I would say would be justification for granting the stay and abate in this case. Forever? Not forever. As Rinds makes clear, the district court definitely has the discretion to put time limits on the amount of time a petitioner has to go back into state court. If we ran into problems in the state court, for example, if I were to go tonight and file an exhaustion petition in the court, then we could come back into federal district court, and we would have to then show cause and prejudice for the procedural default. However, if this court finds that the denial of the stay and abate was erroneous, that could constitute cause for overcoming the procedural default. With respect to the unexhausted claims, I take it you think there are seven unexhausted claims in the initial petition? Still unexhausted claims. Has there been any filing in state court as to those seven unexhausted claims? There has not since the superior court filing and the attempts to exhaust in California Supreme Court that my client made. However, I don't think that whether there are still unexhausted claim bears on whether the denial of the stay and abate was erroneous at the time the decision was made. Why was the magistrate judge wrong in the merits, as you say? Leaving aside the authority question, what the magistrate judge said was, look, three of these claims don't raise constitutional issues, and all of them are somewhat duplicative of the other four claims that were exhausted or five. What was wrong with that? Well, let me clarify. You want to know on the merits of the stay and abate motion? Yeah, I just want to know where we're headed with this thing. The reason that the magistrate was wrong, and the district court as well, is because they applied an erroneous standard in making the good cause determination. The magistrate judge used... I'm talking about just the merits of the claims. What was wrong? Let me just take it piece by piece. The magistrate judge said in her initial order that three of the claims didn't raise constitutional claims. Is that true? No, Your Honor. I think all of the claims raised. There was two jury instruction claims that may not have. But, for example, the due process because of the gang bifurcation claim, that raised constitutional claims. The IAC claim, the lack of confrontation of the officer who made the initial police report raised confrontation claims. I believe in my brief, in my reply brief, I went through each claim and showed how it made a constitutional claim. She also said they're mostly duplicative or variations of the other claims that were raised. Perhaps he could have combined some of the claims, but I don't think that because they were duplicative, that really bears on... I'm just trying to figure out where we're going. What's your best claim of merit? I think the best claim on the merits is the lack... You can't pursue because you didn't, at least at this point, it's not exhausting. At this point, the best claim would be the confrontation clause claim. There was an officer who has been fired and, I'm sorry, and it was also a Brady violation. There was the police officer who arrested Mr. Alvarez and claimed that there was a tire iron found in the car, which witnesses at trial went both ways on. My client maintains that the police officer, after the fact, went to the van, found the tire iron somewhere in this car, and said, oh, I think this guy had it in his hand. He was fired from the police department and he was never called at trial. I do think there is a very viable confrontation clause claim. Let me switch topics just for a minute. All of this procedural history was, in fact, aired in the final R&R, right? In the final R&R, yes. And there was no objection to the magistrate judge's jurisdiction at that point, true? No. As I said in my brief, the jurisdictional issue can be raised at any time, even on appeal. A simple no would be fine. I'm just trying to get the history. But why didn't, when the district judge then entered a final order adopting the R&R, which contained the procedural history including the original order of stay and abate or directing a dismissal without prejudice and so forth, why didn't that cure the problem? Why isn't the error harmless at that point? Well, I think under Henderson and Jefferson v. Bulge, the district court should have given Mr. Alvarez, at the very least, a chance to dismiss his unexhausted claim. Now, let me just stop you for a second because I'm interested in the question Judge Thomas asked too and I want to make sure you understand it. Okay. You have a complaint about what the magistrate judge did. You say the magistrate judge lacked the authority to do what she did. But I guess the question is, by the time we get to the end of this case, her entire report's in front of the district judge, including the history of what she's done. The district judge says, I'm going to dismiss this as a mixed petition with all this history in front of her. Why doesn't that cure whatever procedural error there was leading up to there? Put aside for a second whether the magistrate judge was wrong or didn't have the power to issue the initial order. Why weren't all the subsidiary orders subsumed in the final order of dismissal? Well, I think the reason is because the district court judge on her – the magistrate judge's order requiring Mr. Alvarez to dismiss his unexhausted claims was not an active order. Mr. Alvarez did not have to obey that magistrate's order until the district court reviewed it. Once the magistrate judge, if you hold that he corrected the problem and properly denied the stay and obey and properly found – it's the district court's job to determine whether or not the petition's mixed. Let me try one more time because I think we're missing each other. Didn't the district judge do that in the end? The district court never gave Mr. Alvarez another chance to dismiss his unexhausted claims. Right, but isn't that – don't we review that decision for abuse of discretion? I mean, what I'm getting at is this. You've raised a jurisdictional problem with the magistrate judge's initial order. And it's true. There was no opportunity to object. It didn't go up before the district court judge. I agree with you at that point. But then later on, at the final R&R, the magistrate judge sets forth everything that happened, including the dismissal. Now, there was no objection to the magistrate judge's jurisdiction at that point. Fine. But once the district judge adopted that, doesn't that cure the jurisdictional problem because, in fact, the district judge was adopting the R&R which included the whole history of the case? It doesn't cure it because I maintain that the district court judge needed to make an order herself. The district court judge never entered an order requiring the dismissal of the claims. And so even if it cured the stay-in-the-bay jurisdiction – Let me ask you this. Let's say that you'd followed the process to begin with. The magistrate judge issues the order requiring either dismissal or – There's an R&R from that. The district judge adopts that R&R. No problem, right? I mean, I think – There's no jurisdictional problem. You may object to it or not. If the district court – I think the district court needs to actually enter its own order requiring the dismissal. It needs – the district – because, essentially, the magistrate's order requiring Mr. Alvarez to dismiss his claims should have been a proposed order. The magistrate judge in the R&R says, I recommend that the district court enter an order in the form of attachment A. And the district judge says, I agree. Done. I think, in that case, it would be different because, in that case, the magistrate judge, before dismissing the case as required by Henderson and by Jefferson, would be giving the petitioner one last chance to dismiss his unexhausted claims. Do you think that's different? I do think that is different when the magistrate only issues a proposed order because then the district court would be in the position to give the petitioner one last chance to dismiss the unexhausted claims, which is required and – Is that what you want? Do you want an opportunity to dismiss the – At the very least, that is what we would ask for, would be the chance to dismiss the two unexhausted claims and proceed on the currently exhausted claims. Did you ask the district judge for that? I was not. No, I mean, you collectively. No, that was not asked. By the end of the case, I believe that my client can no longer afford to pay his counsel, and so there's some kind of tricky things where the last counsel essentially kind of stopped representing him. The answer is no. The answer is no. The answer is no. I mean, you take what's at play. You're served it when you come in as new counsel. Yes. Well, we'll give you a chance to – I have one last question. Is it your position that a habeas petitioner who files a mixed petition and seeks stay in advance should be given an unlimited amount of time to exhaust the unexhausted claims? Your Honor, I do not think that they should be given an unlimited time. I don't think that it runs into problems with kind of thwarting the purposes of AEDPA, however, because Congress, in enacting AEDPA, did give unlimited tolling in state courts. As long as a petitioner was properly filed in state court and tried to exhaust it, it doesn't matter how long they actually are down back in state court. And I actually think that granting a stay serves the interests of comedy and judicial economy because if the state court comes out in the petitioner's favor, there would be no need to have federal proceedings. Irrespective of the amount of effort in exhausting the unexhausted claims? I do believe – Is that your position? That's not my position because I think petitioners still need to act in good faith. Should they be able to take into consideration the amount or lack of effort in exhausting unexhausted claims? If there is a lack of effort, yes. In this case, there was not. My client believed that he had filed a California State Supreme Court petition. There was a little bit of a discussion of that in some of the magistrate's order. My client thought he was filing a year before, almost an entire year before the federal statute of limitations ran. My client filed what he thought was a habeas petition in the California Supreme Court. It turned out to be a petition for review. Appellate counsel failed to federalize his constitutional claims, and so it turned out to not exhaust the claims. And then the same day, a month before the federal statute of limitations ran, my client also filed an exhaustion petition in the state court. And so I don't think that he – Let me – I know we let you run over here, but I'm still interested in asking you this at the beginning, so I want to be clear about it. With respect to the seven claims that you say are still unexhausted, is there any process of exhausting them going on right now? There is not, Your Honor, and that is something that I probably could have and perhaps should have done when I first took this case. So in response to Judge Hawkins' question, at least in this case, your position is your client was convicted in 2006? In – yes. Or, sorry, I think a year before that, 2005. 2005. And we're now in 2013. We're eight years later, and he's not attempted through various – not your fault, but through various folks. Through various things. I do think your Honor – To exhaust seven – just make sure I want to have the facts right. To exhaust seven of the claims, but you think he still is entitled to a stay in abeyance? I would say stay in abeyance with equitable tolling. I think when you're dealing with pro se petitioners, you have to account for the fact that when the judge denied his stay in abey, he very well may have believed that he was no longer entitled to exhaust those claims. Once the denial of the stay in abey came out, there's a very good chance that he just thought, oh no, I've lost those forever. But if that's the rule, we're going to be – you know, we're swapping the courts. Well, I – There are so many pro se cases. The thing with the stay in abeys, your Honor, I don't think it brings – it doesn't have the floodgates problem, because all these people are coming into federal court anyway, and all these petitioners are going into federal courts anyway. Rose v. Lundy anticipated that pro se petitioners would file in the wrong court often. They said, let's not erect this hurdle, and Reince held the same thing. Okay. Thank you. Thank you. Thank you. Deputy Attorney General Matt Mulford on behalf of the warden, may it please the court. I have some embarrassment regarding the state of our briefing, and I'm not sure what we have prepared and presented properly or not. So if the court has any questions, I would be happy to answer them. Well, how do you deal with Hunt? I mean, that seems to be kind of a case that's similar to this one, where there wasn't – it's actually pretty close, and Judge Schwarzer said you've got to go back, and the district court has to do it over again. So what do we do with that? Well, Hunt is distinguishable simply because it was brought upon the state's motion to dismiss, as opposed to some sort of – excuse me, a sua sponte duty by the magistrate to flag the issue. Why does that make any difference? I don't know. Beyond that, I don't know. I mean, what's a – I don't understand a principal distinction. It's one thing for the state to say you filed your petition and you should be kicked out of court. It's another thing for a petitioner to come to court with a petition that can't survive. Why? If the case – if Hunt, as I read it, turns on the magistrate judge's power to issue what appears to be a potentially dispositive motion, why does it matter if the judge exercises that power at the behest of the state or sua sponte? Because we have a system of litigation that is brought by parties and not controlled by judges. Except that this is talking about the magistrate judge's power in jurisdiction. Why would that turn on whether the state brought the motion or whether the magistrate judge acted on her own accord? It's so phrased, I don't think it does. I think I would phrase it – I mean, that was the point of Hunt, is that the magistrate judge acted in excessive authority. The district judge didn't catch it, and they sent it back down. Certainly fair reading of Hunt. I don't think it's – when we're dealing with a petitioner who admittedly brings an unexhausted petition, that deprives the court of ruling in his favor by itself. And so there is a procedural flaw at the outset. And in my mind, that makes a difference, and it may not to someone else. But I think that is a distinguishing factor of Hunt, and it can matter. Well, let's assume that we conclude that the magistrate judge lacked the jurisdiction, power to enter the first order that she did, which was said to the petitioner, dismiss some of your claims and file an amended petition, or I am going to dismiss your complaint, which I don't think she had the power to do. Assume that that was an error. What's your best argument about why, in light of that error, we shouldn't remand this to the district court? Cure. Tell me why. There's a second order that says the same thing, which may also be wrong. There is a third order that is a report and recommendation that clearly lays it all out and fixes it. There is a one-page objection. Then there is a fourth order from the magistrate judge, a report and recommendation, and that is adopted by the district court. And so, functionally, everything that could be fixed has been fixed. Could you respond to Ms. Angel's argument that, at the very least, the district judge at the end should have allowed Mr. Alvarez to drop his unexhausted claims? I don't think that argument was presented to the district court, and so I don't think there was any reason for the district court to do so. Did the report and recommendations deal with that issue? I can't recall. The initial ones did. It said drop your unexhausted claims, and he declined to do so. If that's a mistake, then that's a mistake, too. I can't recall from the terms of the order itself. From my office's perspective, these cases are troubling because we're coming in, in this case in particular, seven or eight months after the petition started and after things had happened and after orders had been issued. So if there was an error by the magistrate judge in this case, we would desire some guidance, too, so as we could tell them that, you know, don't wait eight years, we have to go back and try to figure it out later ourselves. Well, wasn't that sufficient guidance for you? It may have been. Again, I don't think it was on all fours, so that's a distinguishing factor. I sympathize somewhat with the magistrate judge's plight in these cases because on the one hand, they're required to give not advice to the petitioner, but to identify the potential problem and the potential remedies. But at the same time, they're also supposed to present a way to dismiss the case summarily because there's a problem. So that by itself seems to me to require two separate orders. And so if the magistrate had put report and recommendation on the order that she gave, I don't know if we'd be in a different situation at all. Well, we would be because theoretically then that would have gone up to the district judge. But it went to the district judge. But not on that order. We don't have an order from the district judge saying, yes, you have to actually dismiss these claims and amend or else I'm going to throw you out. If that's the mistake, then it happened before we got in the case. It's a fair question. I mean, obviously a dismissal with leave to amend is not a final order. I mean, not an appealable order. We know that. And the distinction between a final order and a dispositive order may be thin, but the case law seems to indicate that that's got to go up to the district judge. On the other hand, I mean, I fully appreciate in this case no one raised the issue. I mean, nobody was on alert, any alert that there was going to be a problem. Can I fast forward you to the end of the case? Sure. The end of the district court proceedings. Do you agree with your opponent that there are still seven unexhausted claims, or do you think there's eight? I thought eight, but I might be talking to seven. Well, at least at that point, the reason I'm asking is that the initial magistrate judge report identified six. Correct. Claims five through ten. Those were dropped at the behest of the magistrate judge. And then at the end of the case, the magistrate's report said, I found five through ten weren't exhausted before, and now I found two others that aren't exhausted, and the district judge adopted that report. So that would be eight in my mind, and I'm trying to figure out if you disagree with that. No, that's how I do the math as well, and I agree with that. The potential kicker is that in 2007, there was one petition filed, a second petition filed in the California Supreme Court that had three claims. Now, to my mind, those three claims are different than any of the original ten. I've been having trouble matching up the case files. It's possible one of them is one of the original six, but I don't know. But nobody argued to the district judge that, no, no, one of these claims has not been exhausted. That's my understanding. And it is also my understanding that nothing has happened at state court since 2007. So if there was an exhaustion problem in 2007, we believe it is now a procedural default problem. Now, whether there is cause due to what happened in this case to excuse some of that default, I don't know. But it's certainly a different procedural posture from the state court's perspective in 2013 than it would have been in 2006 or 2007 or even 2006. Is there anything to your knowledge in this case pending in state court? No, not to my knowledge. If I understood your opponent correctly, she's willing to proceed on the exhausted claims and waive all of this. Is that acceptable to the state? Well, I'm going to maybe say quibble, but the word exhaustion is tricky in habeas because exhaustion means that there is an available state court remedy. And today we don't believe there is an available state court remedy such that we may have technical exhaustion but procedural default. Yes, I understand. So with that understanding, yes. If two of them can be heard on the merits, that's fine. We have eight that are now procedurally defaulted due to the expiration or lapse of the available state court remedy. That's the best we can do. Okay. Anything further? Nope. Thank you. I'll give you a couple minutes. Did I understand you correctly? You're willing to proceed on the two claims that everybody said were exhausted? I mean, I think in this case there's so many different issues. There's a spectrum of relief, but, yes, we would be amenable to that. I would also note that the claim that one of the three claims filed in the California Supreme Court was IAC appellate counsel. That was claim number five of the original federal habeas petition. So, you know, if this claim could be put back in, that would be wonderful, because I think, again, that is another viable claim given that appellate counsel failed to federalize any claims. I mean, honestly, with the state of this state court proceedings now, you really can't hope to exhaust and not be procedurally defaulted, can you? Correct. I think as my opponent pointed out, these claims are likely technically exhausted given procedural default. I'd also like to make a point of clarification that the July 11, 2007, order was in response to the warden's motion to dismiss. So given Hunt v. Plyler, it should have been given as a proposed order. And even though this point wasn't raised by my client in the district court, the magistrate judge should have been familiar with Jefferson v. Bulge, and even Rimes itself says that if you're going to deny stay and obey, at the very least you do need to give the person a chance to dismiss. And again, in determining the stay and obey issue on the merits, I think this court should look to the decision at the time it was made. If this court finds there's abusive discretion, that could be cause to overcome some of these procedural defaults. And I'd just like to end by saying my client is serving 23 years for throwing a single punch in a park fight when he was just in his early 20s, and I do think he should be given the chance to at least have some chance at federal habeas review. Any further questions? Thank you. The case is currently submitted for decision.
judges: Hawkins, Thomas, Hurwitz